IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BONITA HUNT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| GEORGIA DEPARTMENT OF : | 1:09-CV-3137-RWS |
| COMMUNITY AFFAIRS, : | |
| : | |
| Defendant. : | |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss [15], Plaintiff's Motion to Amend Complaint [23], Plaintiff's Motion to Amend Motion to Amend Complaint [24], Plaintiff's Motion for Reconsideration of Court's Order Denying Mediation [29], Plaintiff's Motion to Amend [42], Plaintiff's Motion for Summary Judgment [44], and Defendant's Motion for More Definite Statement [45]. After considering the record, the Court enters the following Order.

## Background

Plaintiff, proceeding *pro se*, alleges that she and her family "were discriminated against based on our race, family and social status." (Complaint[1], Dkt. [5] at 1). Plaintiff alleges that because of her race, she was forced to live in substandard housing conditions which exposed her and her children to mold, rats, and the smell of raw sewage. Additionally, Plaintiff alleges that her son is disabled, suffering from bipolar disorder and other health conditions, and that his disability was aggravated by the housing conditions. Plaintiff also alleges that the housing caused her to suffer from depression and anxiety and caused her daughter to develop an upper respiratory problem.

Plaintiff asserts that the Georgia Department of Community Affairs (the "DCA") was aware of the housing problems but told her that if she vacated her housing, her housing voucher would be terminated. Plaintiff alleges that she was intimidated and coerced by the DCA to remain in substandard housing.

Plaintiff also alleges that she and her son were discriminated against as a result of his disability. Plaintiff requested that DCA provide a live-in-aid for her son as a reasonable accommodation for his disability. Plaintiff alleges that

---

[1] Plaintiff's Complaint is in the form of a letter to the United States District Court for the Northern District of Georgia, United States Magistrate Judge Alan J. Baverman. Plaintiff is proceeding *pro se*.

she was entitled to this accommodation, and the DCA's denial is in violation of DCA policy and federal law.

Plaintiff contends that as retaliation for her insistence on a change of housing and/or an accommodation for her son, the DCA gave her notice that her housing assistance payment would be terminated and that she would be required to pay $10,267.00 for violating her housing responsibilities. An administrative hearing requested by Plaintiff was held on June 14, 2007. Plaintiff asserts that the hearing officer found no violations on her part, but a few weeks later she nonetheless received a notice from the DCA to vacate her housing. Plaintiff appears to seek only monetary damages as relief for the DCA's purported violations of statutory and constitutional rights.

## Discussion

### I.    Defendant's Motion to Dismiss [15]

A.    <u>Motion to Dismiss Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. ----, 129 S. Ct.

3

1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

B. Sufficiency of Complaint

In determining whether Plaintiff's Complaint is plausible on its face, the Court is cognizant that Plaintiff is acting *pro se*. Because she is proceeding *pro se* her "pleadings are held to a less stringent standard than pleadings drafted by

4

attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 2010 WL 3273056, at *2 (11th Cir. August 19, 2010). Construed liberally, Plaintiff's Complaint appears to allege claims pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.*, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794.[2] As relief for these

---

[2] See Plaintiff's Description of Case, Initial Disclosures, Dkt. [19], at 1-4. In ruling upon a motion to dismiss, the Court is not limited to the four corners of the complaint, but may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record in the case . . . ." 5B Wright & Miller § 1357; see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss").

Plaintiff's Response to Defendant's Motion to Dismiss [35] might be construed as attempting to state a claim under 42 U.S.C. § 1983 or an attempt to clarify that the ADA, FHA, or RA violations she has already alleged also violate the Fourteenth Amendment. (Dkt. 35 at ¶ 2 (asserting Defendants violated rights protected by the Fourteenth Amendment)). However, Plaintiff's Response was filed on November 11, 2010, well beyond the period allowed to respond to Defendant's Motion to Dismiss [15], which was filed on April 2, 2010. While Courts have afforded *pro se* litigants some leniency in construing pleadings, *pro se* litigants are nonetheless required to comply with procedural rules. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). Plaintiff's Response [35] is untimely and will not be

5

alleged violations, Plaintiff appears to only seek monetary damages.  (See Initial Disclosures, Dkt. [9] at 7 of 105).

In the Amended Complaint ("Complaint") [5], Plaintiff names only the DCA as a Defendant to this action.[3]  The Court will consider whether Plaintiff's Complaint sufficiently alleges a claim under the FHA, ADA, or RA against the DCA.

        i.       Plaintiff's FHA Claim

The DCA is a department of the State of Georgia.  O.C.G.A. § 50-8-1.  "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.  Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citation omitted).  "Congress may abrogate the States' constitutionally secured immunity from suit in federal court . . . by making its intention unmistakably

---

considered.  Further, a response to a motion is not the appropriate means by which a plaintiff may amend its complaint to assert an additional claim.

[3] Plaintiff's Initial Disclosures also lists as Defendants: Sabra LeBlanc, DCA Area Administrator; Geoffrey Parker, DCA Compliance Officer; Jim Balinger, DCA Regional Director; and Michael Timms, DCS Director of Operations.  (Dkt. [9] at 3 of 105).  However, Plaintiff has not sought to amend the Complaint to add these individuals as named defendants.  Therefore, the Court will not consider them to be defendants in this action.  In amending her complaint, see *infra* at 10, Plaintiff may add these individuals as named defendants.  If Plaintiff chooses to do so, Plaintiff shall specify whether her claims are brought against these individuals in their official capacity, individual capacity, or both.

6

clear in the language of a statute." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000).  The FHA does not evince an unmistakable intent on the part of Congress to abrogate a State's Eleventh Amendment immunity.  See 42 U.S.C. § 3604; Super v. J. D'Amelia & Assocs., LLC, 2010 WL 3926887 at *12; Kalai v. Haw. Dept. Of Human Servs., 2008 WL 3874616 at * 2-3 (D. Haw. 2008); Kuchmas v. Towson Univ., 2007 WL 2694186 at *8 (D. Md. 2007).  Therefore, Plaintiff's FHA claim against the DCA is barred by the Eleventh Amendment and is **DISMISSED**.[4]

### ii. Plaintiff's ADA and RA Claims

Plaintiff's Claims against the DCA under the ADA and the RA are barred by the statute of limitations and therefore **DISMISSED**.  Plaintiff's Complaint states that "the last act of discrimination occurred on May 4, 2007," and Plaintiff's initial complaint [2] was not filed until October 20, 2009  (Dkt. [5] at 2).  The statute of limitations applicable to discrimination claims arising under Title II of the ADA and Section 504 of the RA in Georgia is two years.  Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409-10 (11th Cir. 1998).  Therefore,

---

[4] The Eleventh Amendment does not bar a suit for prospective injunctive relief. See Ex parte Young, 209 U.S. 123, 159-161, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  It does not appear from the Complaint that Plaintiff has sought any prospective injunctive relief.

7

Plaintiff's claims under the ADA and RA, filed more than two years after the alleged discrimination occurred, is barred by the statute of limitations.[5]

Defendants' Motion to Dismiss [15] is **GRANTED**. Adhering to the Eleventh Circuit's direction "that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted," the Court will allow Plaintiff an opportunity to amend her Complaint following mediation, as discussed in Section II below. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985).[6] Plaintiff may not reassert her ADA or RA

---

[5] Plaintiff's FHA claim is not barred by the statute of limitations because the proceeding she instituted with the Department of Housing and Urban Development ("HUD") tolls the limitations period. See 42 U.S.C. § 3613(a)(1)(B) (computation of two year limitations period "shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice").

[6] The Eleventh Circuit's holding in Wagner, which it specifically limited to a plaintiff who is represented by counsel, does not appear to negate its directive in Friedlander. Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the directive in Friedlander was based upon the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), which has been supplanted by the plausibility standard, as set forth in Iqbal, 129 S. Ct. at 1949. There being no indication from the Eleventh Circuit that this change affects the holding in Friedlander, the Court will provide Plaintiff with an opportunity to amend the Complaint.

8

claims as alleged, because such claims are barred by the statute of limitations. In amending the Complaint, Plaintiff must name the specific individuals listed in the Initial Disclosures as defendants if they are to be parties to this action. Plaintiff may only assert an FHA claim against those individuals in their individual capacity, because any such claim against those individuals in their official capacity are barred by the Eleventh Amendment.[7]

## II.     Mediation, Amending Complaint, and Remaining Motions

On September 1, 2010, Plaintiff filed a Motion for Mediation [27], asking the Court to consider sending the matter to mediation. The Court denied Plaintiff's Motion because it believed that the parties were then currently involved in conciliation proceedings with HUD. (See Oct. 5, 2010 Order, Dkt. [28]). Plaintiff filed a Motion for Reconsideration [29] stating that the parties were not participating in conciliation with HUD because DCA informed the

---

[7] Defendants maintain that any FHA claims against DCA officials in their individual capacities are barred by qualified immunity. (Dkt. [15-1] at 6-8). State officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The Court cannot say at this stage that it would be futile for Plaintiff to assert FHA claims against DCA officials in their individual capacities. If DCA officials did purposefully retaliate against Plaintiff because she sought what she believed to be a reasonable accommodation for her son's disability, then they likely violated a clearly established right of which a reasonable person would have known.

9

HUD investigator that it did not want to participate in conciliation. Defendant, in its Response [30] did not deny that it had refused to participate in conciliation. At this time, the Court believes that mediation will be helpful in resolving this action. Plaintiff's Motion for Reconsideration [29] is **GRANTED**. This matter is hereby **REFERRED** to Chief Magistrate Judge Gerrilyn G. Brill to assign the matter to a Magistrate Judge for mediation.

If the case is not resolved through mediation, Plaintiff is directed to file an amended complaint within 21 days of the date of the mediation. Plaintiff is directed to divide its amended complaint into numbered paragraphs with discrete sets of facts and also to divide her causes of action into specific counts that clearly indicate the causes of action the she intends to pursue against each defendant. See Fed R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). In filing an amended complaint, Plaintiff may add her children as named plaintiffs.

The following motions are **DENIED**, **as moot**: Plaintiff's Motion to Amend Complaint [23], Plaintiff's Motion to Amend Motion to Amend

10

Complaint [24], Plaintiff's Motion to Amend Complaint [42], and Defendant's Motion for More Definite Statement [45]. Plaintiff's Motion for Summary Judgment [44], was filed in violation of the Court's Order [43] staying additional motions and is **DENIED**, **without prejudice**.

## Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss [15] is **GRANTED**. Plaintiff's Motion for Reconsideration of Court's Order Denying Mediation [29] is **GRANTED**. The case is to be referred for mediation. If this action is not resolved in mediation, Plaintiff may file an amended complaint. Plaintiff's Motion to Amend Complaint [23], Plaintiff's Motion to Amend Motion to Amend Complaint [24], Plaintiff's Motion to Amend [42], and Defendant's Motion for More Definite Statement [45] are **DENIED**, **as moot**. Plaintiff's Motion for Summary Judgment [44] is **DENIED**, **without prejudice**.

**SO ORDERED**, this __23rd__ day of December, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)