IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BONITA HUNT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| GEORGIA DEPARTMENT OF | : | 1:09-CV-3137-RWS |
| COMMUNITY AFFAIRS, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Equitable Tolling [57], Plaintiff's Motion to Amend Complaint [58], Plaintiff's Motion to Alter or Amend Judgment [59], Plaintiff's Motion to Appeal In Forma Pauperis [63], Plaintiff's Motion for Reconsideration of Motion to Appoint Counsel [67], Plaintiff's Motion to Join Defendants [68], Plaintiff's Motion to Supplement Motion to Alter or Amend Judgment [73], and Plaintiff's Motion for Conference [75]. After considering the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

## Background

Plaintiff, proceeding *pro se*, alleges that she and her family "were discriminated against based on [their] race, family and social status." (Complaint[1], Dkt. [5] at 1). Plaintiff alleges that because of her race, she was forced to live in substandard housing conditions which exposed her and her children to mold, rats, and the smell of raw sewage. Additionally, Plaintiff alleges that her son is disabled, suffering from bipolar disorder and other health conditions, and that his disability was aggravated by the housing conditions. Plaintiff also alleges that the housing caused her to suffer from depression and anxiety and caused her daughter to develop an upper respiratory problem.

Plaintiff asserts that the Georgia Department of Community Affairs (the "DCA") was aware of the housing problems but told her that if she vacated her housing, her housing voucher would be terminated. Plaintiff alleges that she was intimidated and coerced by the DCA to remain in substandard housing.

Plaintiff also alleges that she and her son were discriminated against as a result of his disability. Plaintiff requested that DCA provide a live-in-aid for her son as a reasonable accommodation for his disability. Plaintiff alleges that

---

[1] Plaintiff's Complaint is in the form of a letter to the United States District Court for the Northern District of Georgia, United States Magistrate Judge Alan J. Baverman. Plaintiff is proceeding *pro se*.

2

she was entitled to this accommodation, and the DCA's denial is in violation of DCA policy and federal law.

Plaintiff contends that as retaliation for her insistence on a change of housing and/or an accommodation for her son, the DCA gave her notice that her housing assistance payment would be terminated and that she would be required to pay $10,267.00 for violating her housing responsibilities. An administrative hearing requested by Plaintiff was held on June 14, 2007. Plaintiff asserts that the hearing officer found no violations on her part, but a few weeks later she nonetheless received a notice from the DCA to vacate her housing.

Prior to filing this action, Plaintiff filed a complaint with the Department of Housing and Urban Development alleging violations of the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act. An investigation was conducted and the final determination of the agency did not find merit in Plaintiff's allegations. HUD's investigation report also indicates that the hearing officer overturned the termination of Plaintiff's housing voucher, but Plaintiff refused to accept a newly reinstated voucher. HUD issued a no cause determination and closed the investigation on September 11, 2009. Plaintiff asserts that HUD reopened the investigation on April 16, 2010.

AO 72A
(Rev.8/82)

Construed liberally, Plaintiff's Complaint alleges claims pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.*, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. Plaintiff appears to seek only monetary damages as relief for the DCA's purported violations of statutory and constitutional rights.

On December 23, 2010 the Court entered an Order [52] granting Defendant's Motion to Dismiss [15] and assigning the matter for mediation. The Order stated:

> If the case is not resolved through mediation, Plaintiff is directed to file an amended complaint within 21 days of the date of the mediation. Plaintiff is directed to divide its amended complaint into numbered paragraphs with discrete sets of facts and also to divide her causes of action into specific counts that clearly indicate the causes of action that she intends to pursue against each defendant. See Fed R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). In filing an amended complaint, Plaintiff may add her children as named plaintiffs.

(Dkt. [52] at 10). The Order anticipated that an amended complaint might include additional named defendants:

4

> Plaintiff's Initial Disclosures also lists as Defendants: Sabra LeBlanc, DCA Area Administrator; Geoffrey Parker, DCA Compliance Officer; Jim Balinger, DCA Regional Director; and Michael Timms, DCS Director of Operations. (Dkt. [9] at 3 of 105). However, Plaintiff has not sought to amend the Complaint to add these individuals as named defendants. Therefore, the Court will not consider them to be defendants in this action. In amending her complaint, see *infra* at 10, Plaintiff may add these individuals as named defendants. If Plaintiff chooses to do so, Plaintiff shall specify whether her claims are brought against these individuals in their official capacity, individual capacity, or both.

(Id. at 6 n.3).

A mediation was conducted on January 19, 2011, but the parties were unable to reach a settlement agreement. Plaintiff has subsequently filed an amended complaint and numerous other motions.

## Discussion

### I.  Plaintiff's Motion to Appeal in Forma Pauperis [63]

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, Section 1915 provides:

> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (a)(3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis

> without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

For the reasons stated below, the Court **CERTIFIES** that the appeal is not taken in good faith.

The United States Court of Appeals for the Eleventh Circuit has jurisdiction of appeals from all final decisions of district courts within the Eleventh Circuit. 28 U.S.C. § 1291. This Court's December 23 Order [52] is not a final order and therefore may not be appealed by Plaintiff. The Court's Order granted Defendant's Motion to Dismiss [15], but it also granted Plaintiff leave to file an amended complaint and Plaintiff has since done so. While the Order may have foreclosed Plaintiff's ability to allege the same causes of action against the same defendant, it recognized that Plaintiff sought to allege additional claims, but had not properly done so. Therefore, the Order dismissed less than all the claims in this action and is not a final order. See Talamini v. Allstate Ins. Co., 470 U.S. 1067, 105 S. Ct. 1824, 85 L. Ed. 2d 125 (1985) (finding that Order dismissing only one of two counts was not final order). When an action presents multiple claims for relief, a court may direct entry of a final judgment as to one or more claims if the court expressly determines that

6

there is no just reason for delay.  Fed. R. Civ. P. 54(b).  The Court has made no such determination and does not believe that such a determination is appropriate given the amended complaint and additional motions filed by Plaintiff after the December 23, 2010 Order.  There being no final order to appeal, Plaintiff's Motion to Appeal in Forma Pauperis [63] is not taken in good faith and is **DENIED**.

### II.     Plaintiff's Motion to Alter or Amend Judgment [59] and Motion to Supplement Motion to Alter or Amend Judgment [73]

Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 59(e) to grant relief from the Court's December 23, 2010 Order.  Because the Court's Order was not a judgment, a motion under Rule 59(e) is not appropriate.  Because Plaintiff is proceeding *pro se*, the Court will regard Plaintiff's Motion [59] as a motion for reconsideration of the Court's Order.  As an initial matter, the Plaintiff's Motion to Supplement Motion to Alter or Amend [73] is **GRANTED**.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in

7

controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259.  Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Through her Motion [59] and Motion to Supplement [73] Plaintiff contends that Court's dismissal of her ADA and RA claims on statute of limitations grounds and the Court's dismissal of her FHA claims on the basis of sovereign immunity constitute clear errors of law.

Plaintiff's FHA claims against Defendant are barred by the Eleventh Amendment and were properly dismissed for the reasons stated in the Court's December 23, 2010 Order.  (See Dkt. [52] at 6-7).  Plaintiff contends that because Defendant receives federal funds, it has waived sovereign immunity.  This is not so.  As noted in the Order, "[t]he FHA does not evince an

8

unmistakable intent on the part of Congress to abrogate a State's Eleventh Amendment immunity." (Id. at 7 (citations omitted)).

Plaintiffs ADA and RA claims against Defendant were also properly dismissed, because they are barred by the statute of limitations. The FHA allows an individual to commence a civil action not later than 2 years after the occurrence or termination of an allegedly discriminatory housing practice. 42 U.S.C. § 3613. This two-year period for claims brought under the FHA is tolled while an administrative proceeding brought pursuant to the FHA is pending. Plaintiff asserts that because HUD also investigated her ADA and RA claims, the statute of limitations for those claims should similarly be tolled. However, Plaintiff has not identified any authority that stands for the proposition that the tolling of the statute of limitations for an FHA claim by an administrative proceeding also tolls the limitations period for related ADA and RA claims. The Court is unaware of any such authority. While the statute of limitations for FHA claims is established by the Act itself, the limitations period for ADA and RA claims are based upon the most analogous state statute of limitations, which in Georgia is the two-year limitations period for personal injury actions. Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409-10 (11th Cir. 1998). Because the source of the limitations period for an FHA action and

9

that for an ADA or RA action are distinct, the tolling of the statute for an FHA action should not inherently toll the period in which to bring an ADA or RA action. Plaintiff has not demonstrated that the Court made a clear error of law in its December 23, 2010 Order.

Plaintiff's Motion to Alter or Amend Judgment [59] is **DENIED**.

### III.    Plaintiff's Motion for Equitable Tolling [57]

Plaintiff seeks to equitably toll the statute of limitations for her ADA and RA claims. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Plaintiff contends that she withheld the filing of her ADA and RA claims because HUD was investigating those claims along with her FHA claims and she was lead to believe that the limitations period for all her claims were tolled during the administrative proceeding before HUD. Even assuming the veracity of her claim, it does not represent an extraordinary circumstance beyond her control that was unavoidable even with diligence. Furthermore, the FHA explicitly states that an aggrieved person may commence a civil action under the FHA regardless of whether a complaint has been filed with HUD and without regard to the status of such a complaint. The HUD

10

investigation of Plaintiff's claims did not preclude her from filing an action within the appropriate statute of limitations for her ADA and RA claims. Plaintiff's Motion for Equitable Tolling [57] is **DENIED**.

### IV.   Plaintiff's Motions to Amend [58] and Join Defendants [68]

The Court's December 23, 2010 Order provided Plaintiff an opportunity to amend her complaint within 21 days of an unsuccessful mediation.  On the same day as the unsuccessful mediation, Plaintiff filed an Amended Complaint [68-1].  The Court will consider the latest Amended Complaint [68-1] to be in lieu of any previous attempts to amend.  Therefore, Plaintiff's Motion to Amend Complaint [58] is **DENIED**, **as moot**.  Plaintiff's operative complaint is the Amended Complaint [68-1] filed on January 19, 2011, and is the complaint to which Defendants should file responsive pleadings.

Plaintiff's Amended Complaint was attached to what is styled a Motion to Join Defendants [68].  Plaintiff seeks to join HUD and the Law Firm of Golden and Malachi (the "Firm"), the firm that she engaged to pursue her claims with HUD, as Defendants.  However, these entities are not listed as defendants to Plaintiff's Amended Complaint.  Instead Plaintiff attached to the Motion [68] a separate complaint against HUD and the Firm.  That complaint states that it is related to this action, and alleges claims of negligence and

11

breach of duty against HUD and claims of negligence and legal malpractice against the law firm. While Plaintiff's claims set forth in that complaint stem from HUD's investigation of her claims in this action, the underlying factual allegations are distinct. To the extent that Plaintiff is attempting to add HUD and the Firm as defendants in this action, the Motion to Join Defendants is **DENIED**. That may not have been Plaintiff's intent, as the Motion [68] states:

> [T]his motion should also serve as notice that the Plaintiff will file a separate complaint alleging misconduct against ("HUD") and the [Firm]. Therefore, if the Court later decides to link the complaints or join defendants to the above complaint, the allegations would be part of the Court's docket.

(Dkt. [68] at 2).

The Court will treat the Amended Complaint [68-1] attached to Plaintiff's Motion to Join Defendants [68] as the currently operative complaint in this action. Plaintiff may not make any further amendments without first obtaining leave of the Court.

### V.     Motion for Reconsideration [67]

Plaintiff asks the Court to reconsider her Motion to Appoint Counsel [3] that the Court denied in its March 17, 2010 Order [14]. The Court has examined Plaintiff's request for counsel for a second time and does not find that this case presents the type of "exceptional circumstances" that justify the

12

appointment of counsel for indigent litigants in civil cases.  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  Plaintiff's Motion for Reconsideration [67] is **DENIED**.

## VI.   Motion for Conference [75]

Plaintiff requests a conference with the Court and Counsel for Defendant in this action because she believes that Defendant's Counsel has acted in an unprofessional manner and attempted to mislead the Court.  The Court does not find any basis for such a claim.  Plaintiff's Motion for Conference [75] is **DENIED**.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion for Equitable Tolling [57] is **DENIED**, Plaintiff's Motion to Amend Complaint [58] is **DENIED**, **as moot**, Plaintiff's Motion to Alter or Amend Judgment [59] is **DENIED**, Plaintiff's Motion to Appeal In Forma Pauperis [63] is **DENIED**, Plaintiff's Motion for Reconsideration of Motion to Appoint Counsel [67] is **DENIED**, Plaintiff's Motion to Join Defendants [68] is **DENIED**, Plaintiff's Motion to Supplement Motion to Alter or Amend Judgment [73] is **GRANTED**, and Plaintiff's Motion for Conference [75] is **DENIED**.  Plaintiff's Amended

Complaint [68-1] is the operative complaint in this action and will be considered filed as of the date of this Order.

**SO ORDERED**, this  28th  day of January, 2011.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE